IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIBBY J. FRENCH, | |
| Petitioner, | |
| vs. | Case No. 16-cv-01031-JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Libby J. French's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has not filed a response and the time for doing so has not expired. However, a response from the government is not required by the Court. For the following reasons, the Court denies Ms. French's motion.

1. **Background.**

On March 28, 2013, pursuant to a plea agreement, Ms. French pleaded guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and one count of maintaining a place to manufacture methamphetamine in violation of 21 U.S.C. § 856(a)(1). *See United States v. French*, Case No. 12-cr-40104 (Doc. 48). On July 25, 2013, the undersigned Judge sentenced Ms. French to 87 months imprisonment, four years supervised release, a $200 special assessment, and a $300 fine[1]. (Doc. 71, 12-cr-40104). Although the Court found that Ms. French was substantially involved in the process, there was no aggravating or mitigating role adjustment. (Doc. 62, 12-cr-40104). However, the Court did consider

---

[1] The 2012 United States Sentencing Guidelines, incorporating all guideline amendments, was used to calculate defendant's offense level and recommended sentencing range.

mitigating circumstances in awarding Ms. French a below the advisory guideline range sentence. (Doc. 78, 12-cr-40104 Ms. French did not file a direct appeal.

Ms. French's § 2255 motion argues that Amendment 794 with regard to a mitigating role reduction should be applied retroactively to her sentence. She also argues that her sentence should be reduced since she did not receive any personal financial gain and only participated in the offenses due to her addiction.

2. **Analysis.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No evidentiary hearing has been conducted in this matter as the records and files clearly demonstrate that Ms. French is not entitled to any relief.

Amendment 794 to the United States Sentencing Guidelines became effective on November 1, 2015. Although Amendment 794 has been held retroactive on direct appeal, it has not been held retroactive for collateral review. *See* U.S.S.G §§ 1B1.10(d)(listing covered amendments for retroactivity); *U.S. v. Quintero-Leyva*, 823 F.3d. 519, 521 nt 1 (9th Cir.

2016)(holding that Amendment 794 applies retroactively in direct appeals, but declining to determine whether the amendment applies to "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings."). The petitioner has not cited to any controlling case law that Amendment 794 applies retroactively. As such, the Court properly used the sentencing guideline manual in effect on the date of the petitioner's sentencing. *See* U.S.S.G § 1B1.11.

The Court is unsure of the second argument within the petitioner's § 2255 motion stating that she received no financial gain. "[T]he degree to which the defendant stood to benefit from the criminal activity" would be a consideration for the Court if Amendment 794 had applied retroactively to the petitioner. *See* U.S.S.G § 3B1.2 (application note 3(C)(v)). However, since the amendment does not apply, the assertion that the petitioner received no financial gain does not indicate an error of constitutional or jurisdictional magnitude that would warrant relief under § 2255.

Finally, the Court has reviewed the correspondence attached to the petitioner's § 2255 motion. The Court commends the petitioner for completing the Residential Drug Abuse Program and her participation in continuing education while incarcerated. However, while these efforts are commendable, they are not a basis for relief under § 2255.

### 3. Certificate of Appealability.

Having denied Ms. French's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Ms. French has made no such showing. Therefore, the Court denies a

certificate of appealability.  Pursuant to Rule 11(a), Ms. French may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. **Conclusion**

Accordingly, this Court **DENIES** Ms. French's § 2255 Motion (Doc. 1) and **DISMISSES** this action.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 9/19/2016

                                            *s/J. Phil Gilbert*
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**